IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN ROBERTS
        Plaintiff,

vs.

DELTA COUNTY PROSECUTOR'S,
OFFICE, TROOPER BOLOGNA,
PROSECUTOR LAUREN WICKMAN,
MICHIGAN STATE POLICE
                              /

Case No.
Hon.

JURY TRIAL DEMANDED

REDETROIT EASTCOMMUNITY
LAW CENTER, PLLC
Lisa C. Walinske
Attorney for Plaintiffs
30600 N. River Road
Harrison Twp., MI 48045
313-461-8440
www.redetroiteast.com
                                                          /

## **COMPLAINT**

### **INTRODUCTORY STATEMENT**

1.    Plaintiff John Roberts was charged with a crime for innocently driving his car home from caring for a medical marijuana patient, something that law-abiding citizens can do every day under the MMMA and under enumerated rights guaranteed by our federal Constitution.

2.    He brings this civil rights lawsuit because he was detained at a traffic stop without reasonable suspicion, placed on an unconstitutional bond restriction and then because he exercised his constitutional right to question authority he was then charged with a crime that does not exist in the State of Michigan.

3. Plaintiff wishes to live in a free society where innocent people can drive along the highways and roads of Michigan's Upper Peninsula, without fear of being harassed by State Troopers and forced to appear in court and undergo the side effects of bond restrictions to defend against frivolous criminal charges.

4. In this action, Plaintiff alleges violations of his rights under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as enforceable through 42 U.S.C. sec. 1983. Plaintiff further claims that his right to "life, liberty, and the pursuant of happiness" guaranteed by the Preamble of the United States Constitution was impinged by the actions of Defendants. He also brings a supplemental state law claim for malicious prosecution and breach of his Michigan constitutional rights.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and 1343 because this is a civil action seeking redress for the deprivation of rights secured by the United States Constitution.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because it is part of the same case or controversy as Plaintiff's federal claims.

7. Venue is proper under 28 U.S.C. § 1392(b)(2) because the events giving rise to the claims asserted occurred in Delta County, which is in the Western District of Michigan.

## PARTIES

8. Plaintiff John Roberts is a 57-year-old resident of Bruce Crossing Michigan.

9. Defendant Delta County Prosecutor the elected Prosecutor in the County of Delta at the time this offense was prosecuted Plaintiff. She is being sued in his official capacity.

Prosecutor Lauren Wickman acted as the managing attorney for the Prosecutor's Office on this particular case. She is being sued in her official capacity.

10.  The Michigan State Police is a statewide law enforcement agency who is primarily responsible for patrolling Michigan's Upper Peninsula. Defendant John Belonga is the officer of the Defendant Michigan State Police that detained Mr. Roberts, confiscated his property, and unlawfully seized evidence that eventually led to the prosecution of Mr. Roberts by Defendant Belonga. He is being sued in his official capacity.

**FACTS**

11. Mr. Roberts was charged with Delivery and Manufacturing of Controlled Substance for possessing concentrated forms of cannabis, one known as Simpson Oil, and the other a topical oil when he was pulled over on September 6th, 2016.

12. Mr. Roberts immediately told Trooper Belonga that is a member of the Oklevueha Native American Church where he makes and provides cannabis oil.

13. Mr. Roberts was pulled over in a Church-owned vehicle with a syringe of CBD oil that is made specifically for treatment of neurological.

14. According to Trooper Belonga, Mr. Roberts told the officer that he did not have a driver's license and that he gave some cannabis oil to a man in Mackinaw City before coming back over the bridge and heading home to Ontonagon.

15. Delta County does not have jurisdiction over Emmet or Cheboygan Counties, where the supposed "delivery" occurred. Nonetheless, the Defendants insisted on pursuing bond conditions that did not conform to Michigan law or jurisprudence.

16. Under the undisputed facts Mr. Roberts did not give or deliver any cannabis to anyone in Delta County.

17. He was just travelling through with medicinal marijuana in his/or his churches' possession doing work that was specifically protected by the MMMA and the First Amendment, and Article 8, sec 8., of the Michigan Constitution.

18. After the improper charges, Mr. Roberts quality of life was in the hands of the state trial court and the demands and requests of Defendants.

19. Mr. Roberts treating physician indicated that Cannabis oil is the most effective medical treatment following Mr. Roberts brain aneurysm rupture in 2015.

20. When Mr. Roberts was off cannabis oil and compliant with state court bond restrictions (i.e. to not use cannabis while on bond), his medical condition irreversibly deteriorated as demonstrated by the full occlusion noted in the medical reports from the University of Michigan.

21. More importantly, use of Cannabis oil under the particular facts of this case is supported by Michigan's Public Health Code, Article 8 sec. 8 of the Michigan Constitution, the First, Fourth, Fourteenth Amendment, and Michigan Medical Marijuana Act ("MMMA"), MCL 333.26421 et seq.

22. The bond restriction prohibited Mr. Roberts from taking prescribed and recommended treatment of medical marijuana.

23. Before Mr. Roberts had even been convicted of a crime, the Defendants' combined actions deprived Mr. Roberts of his ability to medically rehabilitate himself, which impinges on state and federal constitutional guarantees regarding the protection of "life, liberty, and the pursuit of happiness."

24. The bond restriction on medical marijuana use is not supported by MCR 6.435, Section 8 of Michigan's MMMA, and MCL 333.7404.

25. Since Mr. Roberts was not guilty of any crime recognized in this state, this bond prohibition amounts to cruel and unusual punishment before Mr. Roberts has even been afforded his full due process right to a jury trial.

26. The charges against Plaintiff and the accompanying bond restrictions were legally invalid charges. MCR 6.435, MMMA section 8, and MCL 333.7404.

27. Delta County engaged in the improper prosecution of Mr. Roberts for these legally unsubstantiated charges.

28. Only after hours of oral argument, when the Court was at the cusp of dismissing the action, did Delta County finally agree to put an end to the constitutional infringements and medical setbacks that Mr. Roberts was suffering. Delta County agreed to dismiss the charges.

29. A valid and current MMMA card is not necessary under section 8 of the MMMA or Michigan's public health code. Absent such a card, Mr. Roberts cannot enjoy Section 4 of immunity from State prosecution for manufacturing marihuana, because he does not meet the requirements of the plain language of that section of the statute.

30. The Michigan Medical Marihuana Act ("MMMA,") MCL 333.26421, et seq., allows for the use, growing, and or possession of marihuana by "registered qualifying patients," who suffer from "debilitating medical conditions" and whose doctors have concluded that the patient's use of "marihuana [sic]" will help their symptoms or control the side effects of their illnesses.

5

31. The patient may possess no more than is "reasonably necessary to ensure the uninterrupted availability of marihuana." If charged with a marihuana offense, the registered patient has a statutory affirmative defense in MCL 333.26428(b), and, if a *prima facie* showing is made establishing the factors set forth in the statute, the charges must be dismissed.

32. This was/is the statutory law of this State; nonetheless, Delta County Defendants continued to not allow Mr. Roberts needed medication based solely upon Mr. Roberts' noncompliance with section 4 of the MMMA.

33. The MMMA allows Mr. Roberts to possess and use medicinal marijuana for his debilitating medical condition.

34. Since his doctor has prescribed medical treatment with cannabis for a qualifying condition. MCL 333.26428(a)-(b), Defendants pursued bond conditions upon Mr. Roberts that were unsustainable at law.

35. Our Supreme Court has already held that just because Mr. Roberts does not have a card and does not qualify him for Section 4 immunity, he is still, nonetheless, entitled to mandatory dismissal of his charges under Section 8. *People v Kolanek*, 491 Mich 382; 817 NW2d 528 (2012)(holding that a person not qualifying under Section 4 could nevertheless present a defense under Section 8).

## COUNT ONE

**(42 U.S.C. § 1983)**
**Violation of the Fourth Amendment**
**Unlawful Detention**

36. Plaintiffs incorporate by reference paragraphs 1 through 35.

37. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures, and the Fourth Amendment is incorporated against the states by the Fourteenth Amendment.

38. Persons violating the Fourth Amendment, under color of state law, are liable at law and in equity under 42 U.S.C. § 1983.

39. Under the Fourth Amendment, police officers may not conduct even a brief *Terry* stop without reasonable suspicion that the person being stopped is involved in criminal activity.

40. Defendants, while acting under the color of state law, violated Plaintiff's clearly established right to be free from unreasonable seizure by unlawful detention on September 6th, 2016.

## COUNT TWO

### (42 U.S.C. § 1983)
### Violation of the Fourth Amendment
### Unlawful Seizure

41. Plaintiffs incorporate by reference paragraphs 1 through 40.

42. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures, and the Fourth Amendment is incorporated against the states by the Fourteenth Amendment.

43. Persons violating the Fourth Amendment, under color of state law, are liable at law and in equity under 42 U.S.C. § 1983.

44. Under the Fourth Amendment, Defendants, while acting under the color of state law, violated Plaintiff's clearly established right to be free from unreasonable seizure of his personal property.

## COUNT THREE

42 U.S.C. §1983
Violation of the First Amendment
Retaliation

45. Plaintiffs incorporate by reference paragraphs 1 through 44.

46. The First Amendment to the United States Constitution prohibits abridgement of the freedom of speech, and the First Amendment is incorporated against the states by the Fourteenth Amendment. Persons violating the First Amendment, under color of state law, are liable at law and in equity under 42. U.S.C. § 1983.

47. The First Amendment protects the right to express disagreement with a police officer, to question the correctness of a police officer's actions, and even to be "rude" to a police officer without fear of reprisal or retaliation.

48. The First Amendment protects every Americans right to freedom of religion and the free right to exercise that religion.

49. Defendants, while acting under the color of state law, violated Plaintiff's clearly established right against retaliation in violation of the First Amendment because Defendants' decision to charge Plaintiff with a crime was motivated, at least in part, by Plaintiff's constitutionally protected speech and his right to freedom of religion.

## **COUNT FOUR**

**(42 U.S.C. §1983)**
**Violation of the First Amendment**
**Free Exercise of Religion**

50. Plaintiffs incorporate by reference paragraphs 1 through 49.

51. The First Amendment to the United States Constitution prohibits the government from impinges on religious beliefs while protecting the free exercise of religion. The First Amendment is incorporated against the states by the Fourteenth Amendment.

52. Persons violating the First Amendment, under color of state law, are liable at law and in equity under 42. U.S.C. § 1983.

53. The First Amendment protects every Americans right to freedom of religion and the free right to exercise that religion.

54. Defendants, while acting under the color of state law, violated Plaintiff's clearly established right under First Amendment because Defendants' decision to charge Plaintiff with a crime impinged on Plaintiffs free exercise and his right to freedom of religion.

## COUNT FIVE

**(42 U.S.C. § 1983)**
**Violation of Fourteenth Amendment**
**Due Process**

55. Plaintiffs incorporate by reference paragraphs 1 through 54.

56. The Fourth Amendment's protection against unreasonable seizures encompasses the right to be free from malicious prosecution.

57. Malicious prosecution is also prohibited by the Fourteenth Amendment's guarantee against the deprivation of liberty without due process of law.

58. Defendants, while acting under color of state law, violated Plaintiff's clearly established right under the Fourth and Fourteenth Amendments by unlawfully and maliciously causing a criminal prosecution to be instituted against him.

59. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff; a reasonable person in Defendants' position would have known that the facts and circumstances were insufficient to justify a reasonable belief that Plaintiff had committed any offense; the criminal proceedings ended in Plaintiff's favor; and the criminal proceedings were the result of malice by Defendants.

## COUNT SIX

### (42 U.S.C. § 1983)
### Violation of the Fourth and Fourteen Amendments
### Malicious prosecution

60. Plaintiffs incorporate by reference paragraphs 1 through 60.

61. In Michigan, malicious prosecution is recognized under the common law by MCL § 600.2907.

62. Defendants tortuously and maliciously prosecuted Plaintiff.

63. Defendants caused criminal proceedings to be instituted against Plaintiff; the proceedings terminated in Plaintiff's favor; there was no probable cause to support the prosecution; and Defendants acted with malice.

## COUNT 7

### (42 U.S.C. § 1983)

Additional First, Fourth and Fourteenth Amendment Violations

64. Plaintiffs incorporate by reference paragraphs 1 through 64.

65. Plaintiff's constitutionally protected rights that Defendant also violated include the following:

   a. his right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety, freedom from captivity, and right to medical care and protection

   b. his right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment

66. Defendants acting under color of state law, took Plaintiff's physical wellbeing into custody by not allowing his use of permissible medicinal use of cannabinoids, which was also supported by his religious belief in the healing properties of cannabinoids.

67. Defendants violated their affirmative duties with their intervention in preventing Mr. Roberts from taking his religiously prescribed and medicinally approved medicine of cannabinoids to treat his ruptured brain aneurysm complications and accompanying debilitating conditions.

68. Defendants, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights. Further, their actions in limiting Plaintiff's right to treat his own disabling condition, given his medical condition, showed deliberate indifference to Plaintiff's serious medical needs and was a deprivation of his constitutionally protected rights.

69. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical and emotional injury, a full occlusion of his left brain artery, complications and exacerbations of his debilitating conditions, loss of freedom, and other constitutionally protected rights described above.

70. Defendants, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

71. As a direct and proximate result of these policies, practices, and customs, Plaintiff was deprived of his constitutionally protected rights described above.

PLAINTIFF REQUESTS that this Court enter judgment against Defendants in an amount consistent with the damages sustained.

## COUNT 8

### Eighth Amendment Violations

72. Plaintiffs incorporate by reference paragraphs 1 through 23.

73. The Eighth Amendment of the U.S. Constitution provides, in pertinent part, that excessive bail shall not be required, nor excessive fines be imposed, nor cruel and unusual punishments be inflicted.

74. Defendants detention and restrictions upon Plaintiff creating a special relationship with him, violated Plaintiff's constitutionally protected Eighth Amendment rights by exhibiting deliberate indifference to his serious medical needs.

75. This violated his constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment.

75. As a direct and proximate result of Defendants' actions, Plaintiff suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights described above.

PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained.

## DEMAND FOR RELIEF

Plaintiff request that this Court:

a. Assert jurisdiction over this matter;

b. Award compensatory and punitive damages in an amount to be proved at Trial;

c. Award Plaintiff costs and attorneys' fees pursuant to 42 U.S.C.§ 1988; and

d. Grant or award such other relief that this Court deems just.

Respectfully submitted,

**REDETROIT EAST COMMUNITY LAW CENTER, PLLC**

BY:  /s/ Lisa Walinske
_____
**Lisa Walinske (P62136)**
Attorney for Plaintiffs
30600 N. River Road
Harrison Twp., MI 48045
(313) 461-8440
Dated: January 26, 2019   lwalinske@redetroiteast.com

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Respectfully submitted,

**REDETROIT EAST COMMUNITY LAW CENTER, PLLC**

BY: /s/ Lisa Walinske
_____
**Lisa Walinske (P62136)**
Attorney for Plaintiffs
30600 N. River Road
Harrison Twp., MI 48045
(313) 461-8440
lwalinske@redetroiteast.com

Dated: January 26, 2019