IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JOHN ROBERTS,

    Plaintiff,

v

DELTA COUNTY PROSECUTOR'S OFFICE, TROOPER BOLOGNA, PROSECUTOR LAUREN WICKMAN and MICHIGAN STATE POLICE,

    Defendants.

HON. GORDON J. QUIST
U.S. DISTRICT COURT JUDGE

FILE NO. 2:19-cv-00023-GJQ-TPG

_____/

Lisa C. Walinske (P62136)
REDETROIT EAST COMMUNITY LAW CENTER, PLLC
Attorneys for Plaintiff
30600 N. River Road
Harrison Twp., MI  48045
(313) 461-8440
www.redetroiteast.com
lwalinske@redetroiteast.com

John G. Fedynsky (P65232)
MICHIGAN DEPT. OF ATTORNEY GENERAL
Civil Litigation, Employment & Elections
525 Ottawa Street
P.O. Box 30736
Lansing, MI  48909
(517) 335-3055/(517) 335-7157 Fax
fedynskyj@michigan.gov

Gregory R. Grant (P68808)
CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
Attorneys for Defs. DELTA COUNTY PROSECUTOR'S OFFICE and WICKMAN
310 W. Front Street, Ste. 221
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

_____/

## DEFENDANTS DELTA COUNTY PROSECUTOR'S OFFICE AND LAUREN WICKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT AS TO PROSECUTOR DEFENDANTS

I. INTRODUCTION.

Plaintiff's proposed First Amended Complaint brings the same causes of action against Defendant Lauren Wickman and adds new claims. Plaintiff has also removed the Delta County Prosecutor's Office as a Defendant, and supplemented "Jon Doe Delta County Prosecutor." The original claims against Ms. Wickman should be dismissed for the reasons set forth in Defendants' Motion to Dismiss (ECF No. 14). To that end, Plaintiff's attempt to amend the original Complaint would be futile. Regarding the remaining claims Plaintiff alleges in the proposed First Amended Complaint, those claims are also futile for the reasons stated below. As such, Plaintiff's Motion to File First Amended Complaint as to Prosecutor Defendants should be denied.

II. STANDARD OF REVIEW.

Ordinarily, Rule 15(a) mandates that leave to amend "shall be given when justice so requires." The decision to grant leave to amend is within the sole discretion of the district court. *Id.* Unless the district court finds that the amendment causes undue delay, is made in bad faith or dilatory motive on the part of the movant, is preceded by repeated failure to cure deficiencies by previous amendments, will result in undue prejudice by virtue of allowance of the amendment or that the amendment is futile, leave to amend should be freely given. *Id. Foman v. Davis,* 371 U.S. 178, 182 (1962) makes clear there are certain situations in which it is appropriate to deny leave to amend. One such circumstance that is particularly relevant in this case is when the amendment would be "futil[e]." *Foman,* 371 U.S. at 182; *see also, Moss v. United States,* 323 F.3d 445, 476 (6th Cir.2003). In such a case, therefore, the proposed amended complaint is futile

2

under Rule 15(a) not only if it would fail to survive a motion to dismiss for failure to state a claim, but also if the amended pleading could not survive a motion for summary judgment. *See Bauchman v. West High Sch.*, 132 F.3d 542, 56162 (10th Cir.1997); *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir.1989).

### III. LEGAL ARGUMENT.

#### A. There is no *Respondeat Superior* Liability of an Elected Prosecutor.

The proposed claims against the elected Jon Doe Delta County Prosecutor are groundless. There is no supervisory or *respondeat superior* liability of an elected prosecutor over assistant prosecutors. Section 1983 liability cannot be premised on a theory of *respondeat superior* or the right to control employees. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). Plaintiff's effort to sue the County Prosecutor under *respondeat superior* is improper absent allegations of personal involvement on the County Prosecutor's part. *See Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 694 (1978); *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007) (In order for a supervisor to be liable under § 1983, there "must be a showing that [he] encouraged the specific incident of misconduct or in some other way directly participated in it.") (quoting *Taylor v. Michigan Dep't of Corrs.*, 69 F.3d 76, 81 (6th Cir. 1995)). Plaintiff's proposed claims against Jon Doe Delta County Prosecutor are clearly futile.

#### B. State Law Claims Against Jon Doe Delta County Prosecutor are Barred by M.C.L. 691.1407(5).

All state law claims against elected Jon Doe Delta County Prosecutor are barred by governmental immunity as the elected county prosecutor is the highest elective official of the Delta County Prosecutor's Office under M.C.L. 691.1407(5). *See Bischoff v. Calhoun Co. Prosecutor,* 173 Mich. App. 802, 806, 434 N.W.2d 249 (1988).

### C. State Law Claims Against Ms. Wickman are Barred by M.C.L. 691.1407.

The proposed state law claims against Ms. Wickman are also barred by governmental immunity. M.C.L. 691.1407 provides in relevant part:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency…is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment…if all of the following are met:
>
> > (a) The officer, employee, member…is acting or reasonably believes he or she is acting within the scope of his or her authority.
> > (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
> > (c) The officer's, employee's, member's…conduct does not amount to gross negligence that is the proximate cause of the injury or damage. M.C.L. 691.1407(2).

In other words, a defendant is immune from tort liability while engaged in the exercise or discharge of a governmental function unless her conduct amounts to gross negligence. M.C.L. 691.1407(7)(a) defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *See Stanton v. Battle Creek*, 466 Mich. 611, 619; 647 N.W.2d 508 (2002). In enacting M.C.L. 691.1407, "the Legislature intended to immunize government agents from liability from ordinary negligence." *Jennings v. Southwood*, 446 Mich. 125, 136; 521 N.W.2d 230, 235 (1994).

In this case, Plaintiff has alleged that Ms. Wickman was a prosecuting attorney for Delta County. There can be no dispute Ms. Wickman was acting in the scope of her authority as an officer of a governmental agency and that the agency was engaged in the exercise or discharge of a

4

governmental function. Plaintiff must establish that Ms. Wickman was grossly negligent in order to overcome governmental immunity. To the contrary, Plaintiff has not alleged that Ms. Wickman was grossly negligent and there is no allegation in the Complaint that would suggest gross negligence. Therefore, Plaintiff's state law claims against Ms. Wickman are barred by governmental immunity and amendment to the Complaint would be futile.

### D. Plaintiff's PWDCRA Cause of Action Fails to State a Claim.

Plaintiff's proposed claim of violation of the Michigan Persons with Disabilities Civil Rights Act (PWDCRA) is also without merit. Plaintiff alleges that his rights were violated pursuant to M.C.L. 37.1402. However, MCL 37.1402 applies only to "educational institutions." *Id*. Clearly, in this case, no educations institutions were involved. As such, Plaintiff's proposed Count 9 is futile. Even if Count 9 states a claim against the Prosecutor Defendants, they are still entitled to governmental immunity as stated above.

### E. Prosecutor Defendants are Entitled to Immunity.

As to all of the additional, new federal claims contained in the proposed First Amended Complaint, the Prosecutor Defendants are entitled to eleventh amendment immunity, absolute prosecutorial immunity and qualified immunity.

#### 1. Eleventh Amendment Immunity.

When a county prosecutor makes the decisions related to the issuance of state criminal charges against the plaintiff and the prosecution of the plaintiff, he is acting as an agent of the state rather than of the county. *Cady v. Arenac Cty.*, 574 F.3d 334, 345 (6th Cir. 2009). As a consequence, a county prosecutor is entitled to eleventh amendment immunity. Thus, the federal claims against the Prosecutor Defendants are futile and Plaintiff's Motion should be denied.

## 2. Absolute Prosecutorial Immunity.

"State prosecutors are absolutely immune from civil liability when acting within the scope of their prosecutorial duties." *Howell v. Sanders*, 668 F.3d 344, 349 (6th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976)). This is true even when the allegations involve "unquestionably illegal or improper conduct," as long as the general nature of the action in question is part of a prosecutor's normal duties. *Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009) (citing *Imbler*, 424 U.S. at 413). Although absolute immunity may leave a genuinely-wronged defendant without civil redress against a prosecutor whose malicious or dishonest actions deprives him of liberty, "the broader public interest would be disserved if defendants could retaliate against prosecutors who were doing their duties." *Adams v. Hanson*, 656 F.3d 397, 401-02 (6th Cir. 2011) (citing *Imbler*, 424 U.S. at 427).

The Supreme Court has endorsed a "functional approach" to determine whether a prosecutor is entitled to this protection. *Prince v. Hicks*, 198 F.3d 607, 611 (6th Cir. 1999) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). Under this approach, the court looks to "the nature of the function performed, not the identity of the actor who performed it." *Id.* The official seeking absolute immunity has the burden of showing that such immunity is appropriate for the function in question. *Id.* (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina v. Fletcher*, 522 U.S. 118 (1997); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). For instance, a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Further, preparation of indictments,

6

informations, and applications for search and arrest warrants to be presented to a court are also subject to absolute immunity. *Kalina,* 522 U.S. at 129, 118 S.Ct. 502. In contrast, a prosecutor is not entitled to immunity for investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant v. Hollenbach*, 870 F.2d at 1135 (6th Cir. 1989).

The absolute immunity afforded prosecutors is so expansive, in fact, that it applies even where a prosecutor allegedly manufactures evidence to obtain an indictment; allegedly elicits perjured testimony; allegedly fails to disclose exculpatory evidence; and allegedly destroys and falsifies evidence. *Imbler*, 424 U.S. at 413; *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986); *Heidelberg v. Hammer*, 577 F.2d 429, 432 (7th Cir. 1978). Courts have repeatedly emphasized that the intentions of the prosecutor are irrelevant to the inquiry of whether absolute immunity applies. As the Sixth Circuit articulated, for example, "[a]bsolute prosecutorial immunity is not defeated by showing the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed . . . ." *Grant*, 870 F.2d at 1138.

In the case at issue, Plaintiff's claims in the proposed First Amended Complaint do not avoid prosecutorial immunity. In fact, all of the actions stated in the Complaint against the Prosecutor Defendants are in direct connection with the traditional functions of an advocate and prosecuting attorney.

### 3. Qualified Immunity.

Even if the Prosecutor Defendants are not entitled to absolute prosecutorial immunity, they still have qualified immunity on all of the proposed federal claims. Qualified immunity insulates government officials from §1983 liability where they are acting in their official capacities if they

7

do not violate a plaintiff's clearly established statutory or constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. at 818 (internal citations omitted). Where a prosecutor performs a duty typically carried out by a police official, he is cloaked with the same qualified immunity as the officer would enjoy. *Buckley v. Fitzsimmons,* 509 U.S. at 273-74 ("[w]hen the functions of prosecutors and detectives are the same . . . the immunity that protects them is also the same").

"Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.' " *LeFever v. Ferguson*, 645 Fed.Appx. 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)); *See Hermansen v. Thompson*, 678 Fed. Appx. 321, 325 (6th Cir. 2017).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *See Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015); *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier v. Katz*, 533 U.S. at

8

201); *See White v. Pauly*, 137 S. Ct. 548, 552 (2017). Moreover, courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (citations and quotations omitted); *see White v. Pauly*, 137 S. Ct. at 552.

### F. Plaintiff's Proposed Complaint Fails to State a Claim.

In addition, Plaintiff's federal claims fail to state a claim upon which relief can be granted. Plaintiff's equal protection claim fails to state a claim. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment . . . burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for BioEthical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (citations and internal quotation marks omitted). Plaintiff's proposed First Amended Complaint fails to allege disparate treatment, suspect class, or other threshold requirement for an equal protection claim. As such, this claim would be futile.

Moreover, Plaintiff's proposed claim under the eighth amendment also fails to state a claim. There is no factual basis for any eighth amendment claim for cruel and unusual punishment, deliberate indifference to a serious medical need, or otherwise. Plaintiff was not serving a custodial sentence and therefore would not qualify for any relief under the eighth amendment. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

Finally, Plaintiff's claims contained in Count 13 are futile as well. Though impossible to decipher which Defendant Count 13 is directed to, presumably it does not include Ms. Wickman who was an assistant prosecutor and not a policymaker. In the event this claim pertains to the

elected Jon Doe Delta County Prosecutor, the claim fails. Plaintiff has not alleged any facts that support the assertion that the Prosecutor effected unconstitutional policies, customs, supervision and training. Plaintiff's allegations are purely conclusory in nature. This is simply not enough to satisfy a claim in this regard. Accordingly, Plaintiff's proposed claim is futile.

## IV. RELIEF REQUESTED.

In light of the above, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to File First Amended Complaint as to Prosecutor Defendants.

Dated:  June 11, 2019

CUMMINGS, McCLOREY, DAVIS
& ACHO, P.L.C.

 /s/ Gregory R. Grant
Gregory R. Grant (P68808)
Attorneys for County Defendants
310 W. Front Street, Ste. 221
Traverse City, MI   49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com